TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Neil Berger
Eitan E. Blander
Jeffrey Lefkowitz

*Attorneys for Albert Togut,*
*Not Individually But Solely*
*in His Capacity as Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                                :
In re:                                                          :    Chapter 7
                                                                :
METAZOO GAMES, LLC,                                             :    Case No. 24-10874 (JPM)
                                                                :
                         Debtor.                                :
                                                                :
----------------------------------------------------------------x

### CHAPTER 7 TRUSTEE'S OBJECTION TO MOTION
### BY PING LI FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE JOHN P. MASTANDO III,
UNITED STATES BANKRUPTCY JUDGE:

Albert Togut, not individually but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of MetaZoo Games, LLC, the debtor in the above-captioned case (the "Debtor"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), respectfully submits this objection (the "Objection") to the *Motion by Ping Li for Relief from Automatic Stay* [Docket No. 34] (the "Motion"). In support of this Objection, the Trustee respectfully states:

## PRELIMINARY STATEMENT[1]

The Motion fails to demonstrate "cause" for relief from the automatic stay as required by Bankruptcy Code section 362. Indeed, the Motion fails to address or even mention the *Sonnax* factors. On this basis alone, the Motion should be denied.

Movant is admittedly in possession of Inventory that is property of the Estate and which is protected by the automatic stay. He is seeking to improperly take control of the Inventory to enhance his interests at the expense of the Estate and the Debtor's other creditors.

The Trustee has explained to Movant that the Trustee is concluding a process for the sale of the Debtor's assets, including the Inventory, and he is evaluating bids that include the purchase of the Inventory and the means to address Movant's claims and the claims of the Debtor's other creditors.

Based upon the foregoing and what is explained below, the Trustee requests that the Motion be denied.

## BACKGROUND

1. On May 20, 2024, (the "Petition Date"), the Debtor commenced the above-captioned case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court.

2. On May 21, 2024, Albert Togut was appointed as Chapter 7 Interim Trustee of the Debtor; he duly qualified and is acting as Trustee herein.

3. Prior to the Petition Date, Shaw Mead ("Mead") was a party to a lease agreement (the "Lease") with Ping Li ("Movant") for use of a warehouse located

---

[1] Capitalized terms used but not defined in this section shall have the meaning ascribed to them in subsequent sections of this Motion.

2

at 3051 Corvin Dr., Santa Clara, California 95051 (the "Warehouse").  Hobby Games Distribution Inc. d/b/a Golden Distribution ("Golden"), a company owned and operated by Mead, used the Warehouse for the storage of certain of the Debtor's inventory (the "Inventory").  The Debtor was never a party to the Lease.

4. Monthly rent under the Lease was $24,500.  The Lease expired on April 30, 2024, however Golden/Mead continued to use and occupy the Warehouse through the Petition Date.  Following the Petition Date, Golden/Mead vacated the Warehouse and surrendered possession of the Inventory to Movant.  Prior to vacating the Warehouse, Mead paid partial rent for May 2024 and June 2024, and paid rent for July 2024 in full.

5. Following his appointment, the Trustee solicited bids for the purchase of the Debtor's assets, including the Inventory, and he is evaluating multiple bids that have been submitted.  Many of those bids will fully address Movant's claims and provide meaningful recoveries for the Estate and the Debtor's many creditors.

6. The Togut Firm has had multiple communications with Movant regarding the Inventory, the sale process, and the means with which to address Movant's claim.  Those communications include the letter that is annexed hereto as **Exhibit A** in which Movant was given actual notice of the commencement of this case, the Trustee's appointment, and applicability of the automatic stay.

## ARGUMENT

7. The automatic stay prohibits, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *See* 11 U.S.C. § 362(a)(3).  The automatic stay "prohibits affirmative acts that would disturb the status quo of estate property." *City of Chicago, Illinois v. Fulton*, 592 U.S. 154, 155 (2021).  The automatic stay applies to all

3

property of the estate, wherever such property may be located. *In re Nakash*, 190 B.R. 763, 769 (Bankr. S.D.N.Y. 1996).

8. The automatic stay should be modified only when a movant establishes "cause" for such relief. *See* 11 U.S.C. § 362(d)(1); *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999) ("Absent a showing of cause [by the movant], the court should simply deny relief from the stay.") (citations omitted).

9. The Second Circuit's "*Sonnax* factors" govern whether a movant has established "cause" to lift the automatic stay:

   a) whether relief would result in a partial or complete resolution of the issues;

   b) lack of any connection with or interference with the bankruptcy case;

   c) whether the other proceeding involves the debtor as a fiduciary;

   d) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

   e) whether the debtor's insurer has assumed full responsibility for defending it;

   f) whether the action primarily involves third parties;

   g) whether litigation in another forum would prejudice the interests of other creditors;

   h) whether the judgment claim arising from the other action is subject to equitable subordination;

   i) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

   j) the interests of judicial economy and the expeditious and economical resolution of litigation;

   k) whether the parties are ready for trial in the other proceeding; and

   l) impact of the stay on the parties and the balance of harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp.* ("<u>Sonnax</u>"), 907 F.2d 1280, 1286 (2d Cir. 1990). The Court has discretion to determine whether a movant has satisfied the *Sonnax* factors to demonstrate cause. *See id.*

10. The Motion is devoid of any evidence of cause, and it fails to address the *Sonnax* factors in any way. These failures are fatal, and the Motion should be denied.

11. There are many creditors in this case who will benefit from the Trustee's sale of the Inventory and the Debtor's other assets. Their interests should not be impaired by the relief sought by Movant, which is designed to enhance Movant's interests alone. The Trustee respectfully submits that he should be permitted to complete the sale of the Inventory and the Debtor's other assets for the benefit of the Estate.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests the Motion be denied in its entirety.

DATED:  New York, New York
        August 8, 2024

Albert Togut, Not Individually But Solely
in His Capacity as Chapter 7 Trustee
By His Attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

*/s/ Neil Berger*
NEIL BERGER
EITAN E. BLANDER
JEFFREY LEFKOWITZ
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

5

**EXHIBIT A**

**From:** **Alexandra Carlin** acarlin@teamtogut.com 🔗
**Subject:** In re: MetaZoo Games LLC (Case No. 25-10874) Automatic Stay and Debtor Inventory
**Date:** May 30, 2024 at 4:09 PM
**To:** pingsj@gmail.com
**Cc:** Vinay Agarwal vagarwal@vacpallc.com, Eitan Blander eblander@teamtogut.com



Dear Mr. Li:

Attached please find a letter on behalf of Albert Togut, as Chapter 7 Interim Trustee of MetaZoo Games, LLC regarding the commencement of the debtor's bankruptcy case and the application of the automatic stay.

Please confirm receipt and provide the requested documents and information within five (5) days from the date hereof. Please include Eitan Blander and Vinay Agarwal, both copied on this communication, in your response.

Best regards,

Alexandra Carlin | Paralegal
Togut Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, New York 10119
acarlin@teamtogut.com

**TOGUT SEGAL & SEGAL LLP**

📎 **Trustee Warehouse Letter -Ping Li (Compiled) (5.30.24) .pdf**
94 KB

**TOGUT, SEGAL & SEGAL LLP**

ATTORNEYS AT LAW

ONE PENN PLAZA

NEW YORK, NEW YORK 10119

---

(212) 594-5000

---

FACSIMILE
(212) 967-4258

---

EMAIL
eblander@teamtogut.com

May 30, 2024

**VIA E-MAIL**
Ping Li
22005 Old Santa Cruz Highway
Los Gatos, CA 95033
pingsj@gmail.com

        Re:    MetaZoo Games, LLC
                 Chapter 7 Case No. 24-10874-JPM
                 <u>Automatic Stay and Debtor Inventory</u>

Dear Mr. Li:

        As you may be aware, on May 20, 2024 (the "<u>Petition Date</u>"), MetaZoo Games, LLC (the "<u>Debtor</u>") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").  We write on behalf of Albert Togut, the Chapter 7 Interim Trustee of the Debtor (the "<u>Trustee</u>").  The Notice of Chapter 7 Bankruptcy Case evidencing Mr. Togut's appointment as Trustee is attached hereto.

        We understand that a warehouse located at 3051 Corvin Dr., Santa Clara (the "<u>Warehouse</u>") provided prepetition storage services to the Debtor and is currently in possession of inventory owned by the Debtor (the "<u>Inventory</u>").  Please be advised that as of the Petition Date, the "automatic stay" imposed by section 362(a) of the Bankruptcy Code strictly prohibits, among other things, any act by a creditor or third party to exercise control over property of the debtor or to create, perfect, enforce, or liquidate a lien against property of the debtor.  The automatic stay applies to the Inventory in the Warehouse's possession, regardless of the existence of claims against the Debtor and/or secured status or warehouse liens against the Inventory.  In all cases, creditors must obtain prior Bankruptcy Court authority before enforcing any claim against property of the debtor.

        To assist the Trustee to better understand the location of the Debtor's Inventory and the scope of claims against the Debtor, please provide the following documents and information to us by email:

Pg 9 of 12

May 30, 2024
Page 2

1. Copies of the relevant storage or warehouse agreement regarding the Inventory and any other related documents or agreements;

2. An accounting of the Warehouse's claims against the Debtor, if any, as of the Petition Date, including copies of all unpaid invoices; and

3. List or description of Inventory held by the Warehouse.

We ask that you respond to this letter by email to confirm receipt and provide the requested documents and information within five (5) days from the date hereof.

Please contact us if you have any questions.

        Very truly yours,

        TOGUT, SEGAL & SEGAL LLP
        By:
           *Eitan Blander*
           Eitan Blander

Enclosure

cc Vinay Agarwal, CPA (via email)

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor | **MetaZoo Games LLC**<br>Name | | EIN: 85–1319075 |
| United States Bankruptcy Court | Southern District of New York | Date case filed for chapter: | 7    5/20/24 |
| Case number: | 24–10874–jpm | | |

Official Form 309C (For Corporations or Partnerships)

# Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline          10/20

**For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office and the office of the U.S. Trustee cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's full name** | MetaZoo Games LLC | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 853 Seventh Avenue<br>Ste. 11C<br>New York, NY 10019–5223 | |
| 4. | **Debtor's attorney**<br>Name and address | Warren R. Graham<br>Pryor & Mandelup, L.L.P.<br>675 Old Country Road<br>Westbury, NY 11590 | Contact phone 516–997–0999<br>Email: wrg@pryormandelup.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Albert Togut<br>Togut Segal & Segal, LLP<br>One Penn Plaza<br>Suite 3335<br>New York, NY 10119 | Contact phone (212) 594–5000<br>Email: altogut@teamtogut.com |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | One Bowling Green<br>New York, NY 10004–1408<br><br>Clerk of the Bankruptcy Court:<br>Vito Genna | Office Hours: Monday – Friday 8:30 AM – 5:00 PM<br><br>Contact phone 212–668–2870<br>Date: 5/21/24 |
| 7. | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **June 26, 2024 at 09:30 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 315 965 5995, and Passcode 1378420609, OR call 1 (929) 547–4715** |
| | | **For additional meeting information go to https://www.justice.gov/ust/moc** | |
| 8. | **Proof of claim**<br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now.<br><br>If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| 9. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |

Official Form 309C (For Corporations or Partnerships) **Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline** page **1**

# Notice Recipients

District/Off: 0208−1   User: admin   Date Created: 5/21/2024
Case: 24−10874−jpm   Form ID: 309C   Total: 16

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**
8469346    Bayaya Board Game Co,.Ltd

TOTAL: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | MetaZoo Games LLC    853 Seventh Avenue    Ste. 11C    New York, NY 10019−5223 | |
| ust | United States Trustee    Office of the United States Trustee − NY    Alexander Hamilton Custom House    One Bowling Green, Room 534    New York, NY 10004−1408 | |
| tr | Albert Togut    Togut Segal & Segal, LLP    One Penn Plaza    Suite 3335    New York, NY 10119 | |
| aty | Warren R. Graham    Pryor & Mandelup, L.L.P.    675 Old Country Road    Westbury, NY 11590 | |
| smg | New York State Tax Commission    Bankruptcy/Special Procedures Section    P.O. Box 5300    Albany, NY 12205−0300 | |
| smg | United States Attorney's Office    Southern District of New York    Attention: Tax & Bankruptcy Unit    86 Chambers Street, Third Floor    New York, NY 10007 | |
| smg | N.Y. State Unemployment Insurance Fund    P.O. Box 551    Albany, NY 12201−0551 | |
| smg | New York City Dept. Of Finance    Office of Legal Affairs    375 Pearl Street, 30th Floor    New York, NY 10038 | |
| 8469351 | Carde.io    5446 US−290 Suite 105    Austin, TX 78735, US | |
| 8469347 | Chase Bank    28 Liberty St    New York, NY 10005 | |
| 8469348 | Marvel Entertainment, LLC    1290 Avenue of the Americas    New York, NY 10005 | |
| 8469345 | SSL Freight Forwarders Pvt. Ltd.    C−2 2nd, Floor Block−E Swastik Apartment    Burari, Holy Family Homeo Clinic Kamal P    New Delhi−110084, Delhi, India | |
| 8469349 | Sanrio    2050 W 190th #205    Torrence, CA 90504−6220 | |
| 8469350 | Shopify Inc.    151 O'Connor Street, Ground Floor,    Ottawa, ON K2P 2L8 | |
| 8469352 | WhatsNeu    3159 US−70    Connelly Springs, NC 28637 | |

TOTAL: 15